On April 6, 1979 the court entered substantially identical orders in the three cases identified above, except for the paragraph stating the amount of the award of attorney fees. The order is set forth below, the award paragraph respecting each case being individually set forth.
Before Friedman, Chief Judge, Davis, Nichols, Kunzig, Bennett, and Smith, Judges, en banc.
The court has before it a petition, filed November 16, 1978, for an award of attorney fees to counsel for services rendered under a fixed-fee employment contract which was approved by the Secretary of the Interior. The services *619 resulted in a final award by the Indian Claims Commission to plaintiffs from which no timely appeal has been taken. The commission has now expired, and counsel seeks an award for fees from the court. Defendant has expressed no objection to the fees.*
This court has the same power the commission had relative to fees and expenses for attorneys and has inherent powers over the contingent fees of the members of its bar. 25 U.S.C.A. §70v-3 (1978). The Indian Claims Commission had the power to enter an award for attorney fees based on a stipulated fee in a contract of employment which had been approved by the Secretary of the Interior. Indians of California v. United States, 16 Ind. Cl. Comm. 631, 663 (1966); Crow Tribe of Indians v. United States, 9 Ind. Cl. Comm. 572, 579 (1961). In a similar case, an award for attorney fees was entered by this court for the stipulated, contingent fee. Klamath & Modoc Tribes v. United States, Ct. Cl. No. 125-61 (order, Feb. 2, 1973). We adhere to these precedents in deciding the present case. There are other cases, however, where a petition may be opposed, or a contract may not be approved by the Department of the Interior, or where a contract is not for a fixed fee, or the amount of the stipulated fee itself is so large on its face as to raise questions concerning its reasonableness, or where a case has been processed wholly or in large part by the commission and the court deems it is without sufficient knowledge on which to base a decision as to the reasonableness of the fee award demanded. In those cases we adhere to the requirements of the court’s general order of December 15, 1978, concerning a showing which must be made by counsel for the award of a fee.
it is therefore ordered that the petition for an award of attorney fees is granted, and Jack Joseph, the attorney of record, for himself and on behalf of the firm of Brown, Dashow, Arons & Doran, is awarded attorney fees in the amount of $714,275.00, which is 10 percent of the net award of $7,142,750.00 in docket No. 313, as provided for in the contract of employment and as approved by the Secretary of the Interior. (Case No. 313). *620 it is therefore ordered that the petition for an award of attorney fees is granted, and Jack Joseph, the attorney of record, for himself and on behalf of the firm of Brown, Dashow, Arons & Doran, is awarded attorney fees in the amount of $37,787.40, which is 10 percent of the net award of $377,874.00 in docket No. 314-A, as provided for in the contract of employment and as approved by the Secretary of the Interior. (Case No. 314-A)
it is therefore ordered that the petition for an award of attorney fees is granted, and Jack Joseph, the attorney of record, for himself and on behalf of the firm of Brown, Dashow, Arons & Doran, is awarded attorney fees in the amount of $11,614.40, which is 10 percent of the net award of $116,144.00 in docket No. 314-B, as provided for in the contract of employment and as approved by the Secretary of the Interior. (Case No. 314-B)
it is further ordered that the January 19, 1979, order issued in this case is vacated.

 This sentence in case No. 314-A reads: "Defendant has declined to object to the fees.”