The NAVAJO TRIBE

v.

The UNITED STATES.

No. 353.

United States Claims Court.

Dec. 15, 1982.

William C. Schaab, Albuquerque, N.M., on behalf of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., Harold E. Mott, Fort Smith, Ark., Norman M. Littell, Deale, Md., and Marvin J. Sonosky, Washington, D.C., for plaintiffs.

Bernard M. Sisson, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant.

OPINION

LYDON, Judge:

This case comes before the court on a motion filed by the present attorney of record for plaintiff on June 24, 1982, and subsequent motions filed by prior attorneys of record for plaintiff seeking to recover an award of attorneys' fees of 10 percent of the judgment of $22,000,000 entered by the United States Court of Claims on June 8, 1982, in favor of plaintiff.

On December 14, 1982, the attorneys in question filed a Stipulation For Division Of Attorneys' Fees wherein they agreed the attorneys' fees awarded in this case relative to the above-mentioned judgment of $22,-000,000 shall be allocated as follows:

| | | |
|---|---|---|
| Norman M. Littell | 9.08% | ($ 199,760) |
| William C. Schaab | 77.00% | ($1,694,000) |
| Harold E. Mott | 11.5 % | ($ 253,000) |
| Marvin J. Sonosky | 2.42% | ($ 53,240) |

After nearly 30 years of litigation before the Indian Claims Commission and the United States Court of Claims, judgment was entered on June 8, 1982, in favor of plaintiff for $22,000,000. The motions under consideration seek a total attorneys' fee award of $2,200,000, i.e., 10 percent of the $22,000,000.

This court now has the responsibility in an Indian Claims Commission case of determining the amount to be awarded as attorneys' fees "in accordance with standards obtaining for prosecuting similar contingent claims in courts of law." See 25 U.S.C. § 70n (1963); 25 U.S.C. § 70v–3 (1977). Factors deemed relevant in determining the amount to award attorneys as fee compensation in Indian Claims cases have been set forth in *Cherokee Nation v. United States,* 174 Ct.Cl. 131, 146–47, 355 F.2d 945, 953–54 (1966). *See also Sioux Nation of Indians v. United States,* 227 Ct.Cl. 404, 650 F.2d 244 (1981); *Western Shoshone Identifiable Group v. United States,* 228 Ct.Cl. 26, 37, 652 F.2d 41, 47–48 (1981). The total attorneys' fee award may not exceed 10 percent of the total judgment, regardless of how many attorneys appeared on behalf of the Indian Tribe. *Sisseton and Wahpeton Bands v. United States,* 191 Ct.Cl. 459, 465, 423 F.2d 1386, 1389 (1970).

As in any fee determination matter, it is important to note initially the provisions of the contract under which each attorney performed his services for the Tribe. Where the attorney contracts stipulate a flat fee to be awarded, the court will generally award that fee without requiring an independent showing of reasonableness. *See The Peoria Tribe v. United States,* 220 Ct.Cl. 618, 618 F.2d 121 (1979). However, in Indian Claims cases, this court has the right to conduct an independent review of the services performed to assure that the fee stipulated in the attorney's contract is reasonable. *See, e.g., Western Shoshone Identifiable Group v. United States, supra,* 228 Ct.Cl. at 39–40, 652 F.2d at 49. During the lengthy course of this litigation, plaintiff has been represented by the following at-

torneys of record: Norman M. Littell with whom was Marvin J. Sonosky; Harold E. Mott; and William C. Schaab. Each attorney's contract provided for a fixed contingent fee of 10 percent of the judgment ultimately entered for the Navajo Tribe. After an independent review of the history of this litigation under the standards set out in *Cherokee Nation, supra,* it is concluded that the 10 percent attorneys' fee for which the attorneys contracted is reasonable and should be awarded.

■ Counsel have been successful in overcoming difficult proof problems and novel legal problems in this case. The novelty and difficulty of the questions involved increased the risk that no judgment would ever be entered in favor of the Tribe. A fee award of 10 percent is consistent with the fees which the Court of Claims customarily awarded attorneys who had successfully litigated Indian claims of similar magnitude. "Any analysis of the fees we have allowed in such cases in the last decade will illustrate that with great consistency we have allowed the full 10 percent. * * *" *Western Shoshone Identifiable Group v. United States, supra,* 228 Ct.Cl. at 39, 652 F.2d at 49.

In view of the difficulties and complexities of the litigation, the risks involved, the successful outcome, and giving due consideration to all the factors set forth in *Cherokee Nation v. United States, supra,* an allowance as attorneys' fee of $2,200,000, *i.e.,* 10 percent of the final judgment ($22,000,000), is warranted. Defendant has advised it takes no position with respect to the award or allocation of attorneys' fees as long as the total fee does not exceed 10 percent of the amount of the judgment. The Department of Interior offered similar advice. The plaintiff, The Navajo Tribe, offered no objection to the award and allocation of attorneys' fees.

■ In Indian Claims Commission cases this court has been given jurisdiction to apportion a total attorneys' fee award among several successive attorneys of record. *See Sisseton & Wahpeton Bands v. United States,* 191 Ct.Cl. 459, 423 F.2d 1386

(1970). The attorneys involved, as indicated above, have agreed upon the apportionment of the attorneys' fee of $2,200,000 which has been found to be a fair and justified award in this case. The history of this case supports this apportionment of the total fee. Nothing in the record indicates or suggests that the agreed apportionment is invalid or unfair to any party concerned. There is no dispute concerning the correctness of the apportionment. *Cf. Sisseton and Wahpeton Bands v. United States, supra,* 191 Ct.Cl. 459, 423 F.2d 1386. Neither is there any uncertainty regarding whether the services of each attorney justifies the amount of the fee to be apportioned to him. *See Red Lake and Pembina Bands v. United States,* 173 Ct.Cl. 928, 355 F.2d 936 (1965). Therefore, the total attorneys' fee award of $2,200,000 will be apportioned according to the stipulation of agreement among the attorneys.

In light of the above, IT IS ORDERED that attorneys' fees are to be awarded in the amounts indicated below, with payment thereof to be from the judgment of $22,000,000 entered in this case in favor of The Navajo Tribe on June 8, 1982, by the United States Court of Claims:

| Norman M. Littell | — | $ 199,760 |
| William C. Schaab | — | 1,694,000 |
| Harold E. Mott | — | 253,000 |
| Marvin J. Sonosky | — | 53,240 |

IT IS FURTHER ORDERED that since no applications for expenses have been filed in this case, a docket entry should be made closing this case.