**KLAMATH AND MODOC TRIBES and Yahooskin Band of Snake Indians**

v.

**The UNITED STATES.**

**Nos. 100–B–2–(A–E), 389–72.**

United States Claims Court.

Jan. 25, 1983.

See also, 1 Cl.Ct. 380.

Charles A. Hobbs, Washington, D.C., for plaintiff; Frances L. Horn, Philip A. Nacke and Steven C. Lambert, Washington, D.C., of counsel.

Robert E. Fraley, Washington, D.C., with whom was Asst. Atty. Gen. Carol E. Dinkins, Washington, D.C., for defendant; Richard L. Beal, Washington, D.C., of counsel.

## OPINION

SPECTOR, Judge:

■ This matter comes before the court on a motion filed by the present attorney of record for plaintiff on December 23, 1982, to recover an award of attorneys' fees of 9 percent of the judgment of $16,500,000 entered by the United States Claims Court on December 21, 1982 in favor of plaintiff.

After over 30 years of litigation before the Indian Claims Commission, the United States Court of Claims, and the United States Claims Court, judgment was entered on December 21, 1982 in favor of plaintiff for $16,500,000.[1] Plaintiff moves herein for award of total attorneys' fees in the amount of $1,485,000, that being 9 percent of the judgment of $16,500,000.

■ This court now has the responsibility in an Indian Claims Commission case of determining the amount to be awarded as attorneys' fees "in accordance with standards obtaining for prosecuting similar contingent claims in courts of law."[2] Factors deemed relevant in determining the amount to award attorneys as fee compensation in Indian Claims cases have been set forth in *Cherokee Nation v. United States*, 174 Ct.Cl. 131, 146–47, 355 F.2d 945, 953–54 (1966). *See also Sioux Nation of Indians v. United States*, 227 Ct.Cl. 404, 650 F.2d 244 (1981); *Western Shoshone Identifiable Group v. United States*, 228 Ct.Cl. ——, ——, 652 F.2d 41, 47–48 (1981).

■ In any fee determination matter, it is necessary to examine the provisions of the contract under which the attorney's services were performed for the tribe. Where the attorney contract stipulates a flat fee to be awarded and the award is, furthermore, unopposed, the court has routinely granted the amount agreed upon without requiring an independent showing of reasonableness. *See Klamath & Modoc Tribes v. United States*, Ct.Cl. No. 125–61 (Order, Feb. 2, 1973); *Peoria Tribe v. United States*, 618 F.2d 121, 220 Ct.Cl. 618 (1979); *Ottawa Tribe and Kickapoo Tribe v. United States*, 618 F.2d 122, 220 Ct.Cl. 745 (1979).

During the more than 30-year course of this litigation, plaintiff has been represented under contract, first by Ernest L. Wilkinson and thereafter, following approved assignment of that contract, by the firm of Wilkinson, Cragun & Barker. After amendment approved by plaintiff and the Secretary of the Interior in 1961, the attorney contract provided for a fixed contingent fee of 9 percent of any judgment ultimately entered.[3]

An independent review of the history of this litigation and the services performed was nevertheless conducted under the standards set out in *Cherokee Nation, supra*. On the basis thereof it is concluded that the 9 percent attorneys' fee provided by the contract between plaintiff and its attorneys is reasonable, and should be awarded. The work done by the attorneys of Wilkinson, Cragun & Barker for over 30 years has included a protracted trial involving the testimony of numerous expert witnesses and highly technical data, and the filing of extensive proposed findings of fact and briefs, dealing throughout with novel and difficult questions, both legal and factual, presenting the risk throughout that no judgment might ever be entered in favor of plaintiff.

---

1. Reported at —— Cl.Ct. ——, 2 USCCR No. 34.

2. *See* 25 U.S.C. § 70n (1963); 25 U.S.C. § 70v–3 (1977).

3. The original contract with Ernest L. Wilkinson provided for payment by the plaintiff of a $10,000 retainer fee which was to be considered as a payment upon and thereby deducted from the first fee due the attorney under the contract. This $10,000 was deducted from the attorneys' fee earlier awarded in Indian Claims Commission Docket No. 100. *See* 13 Ind.Cl. Comm. 41, 70–72 (1964).

In view of the difficulties and complexities of the litigation, the risks involved, the successful outcome, and giving due consideration to all the factors set forth in *Cherokee Nation, supra,* an allowance as attorneys' fee of $1,485,000, namely, the agreed upon 9 percent of the final judgment ($16,-500,000), is warranted.[4] Defendant has advised that it takes no position with respect to the award of attorneys' fees. In addition, the Deputy Director, Office of Indian Services, and the Associate Solicitor, Division of Indian Affairs, both of the Department of the Interior, have stated they have no objection to the allowance of attorneys' fees in the amount requested.

Plaintiff, as represented by its duly authorized governing body, the Klamath Tribal Executive Committee, has by resolution approved this fee and has requested its prompt payment to the attorneys. The chairman of the Committee, Mr. Elnathan Davis, in apprising the court of the committee's views added that "the level of fees to be paid reflects the outstanding performance of our lawyers in bringing these claims to judgment" and he has requested favorable action on the pending motion.

Accordingly, IT IS ORDERED that attorneys' fees shall be awarded in the amount of $1,485,000 to Charles A. Hobbs, as attorney of record, for distribution by him to all attorneys entitled to a share in said fees, with payment thereof to be from the judgment in the amount of $16,500,000 heretofore entered in this case in favor of plaintiff on December 21, 1982.

IT IS FURTHER ORDERED, no applications for expenses having been filed in these cases, that they be dismissed and removed from the docket of the court.

---

4. *See* and *cf. The Navajo Tribe v. United States,* 2 Cl.Ct. 42 (1982).